UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 04-1407 (JMR/FLN)

Dede Smith,

    Plaintiff,

    v.                       **REPORT AND RECOMMENDATION**
                              **AND ORDER**

The United Television, Inc.
Special Severance Plan,

    Defendant.

_____

Bruce J. Douglas for Plaintiff.
Mark V. Steffenson for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 9, 2006, on Plaintiff's Motion for Attorney's Fees and Costs [#57]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Plaintiff's Motion be granted in part.

### I. BACKGROUND

**A.    Procedural History**

In March 2004, Plaintiff Dede Smith filed the instant action pursuant to ERISA § 502(a)(1)(B), 29 U.S.C.A. § 1132(a)(1)(B), alleging that the Defendant United Television, Inc. Special Severance Plan ("the Plan," or "the Severance Plan") wrongfully denied her severance benefits. The Plan moved for Partial Summary Judgment [#11], arguing that the Court should review the Plan Administrator's denial of Smith's benefits claim under an abuse of discretion standard, and that the Plan Administrator's decision was reasonable. In response to the Plan's

-1-

Motion, Smith requested a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) [#16].  This Court, in a Report and Recommendation dated November 9, 2004, recommended that Plaintiff's Motion for a continuance to conduct further discovery be denied, and that Defendant's Motion for Partial Summary Judgment be continued [#25].  Plaintiff objected to the Court's November 9 Report and Recommendation [#28].  The District Court, Chief Judge Rosenbaum, adopted this Court's Report and Recommendation in an Order issued on December 22, 2004 [#30].  In the Order, Judge Rosenbaum stated that the Court would "not countenance further wasteful and baseless objections, and [would] exercise its inherent power to control the same."

In February 2005, this Court, finding that the Plan Administrator's denial of Plaintiff's claim for severance benefits was arbitrary and capricious, recommended that Defendant's Motion for Partial Summary Judgment be denied [#36].  Judge Rosenbaum adopted the Court's Report and Recommendation [#42].  Plaintiff then moved for Summary Judgment [#44].  This Court found that Plaintiff was entitled to $189,686.06 in severance benefits and recommended Plaintiff's Motion be granted [#55].  Judge Rosenbaum adopted this Court's Report and Recommendation on January 27, 2006 [#76], and Judgment was entered on that date [#77].

**B.     The Instant Fee Petition**

Plaintiff filed the instant motion for costs and attorney's fees in December 2005 [#57].  Plaintiff argues she is entitled to fees and costs under section 502(g) of ERISA, 29 U.S.C. § 1132(g).  Section 502(g)(1) provides that "[i]n any action under [ERISA]...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

Plaintiff also argues that she is entitled to benefits under Section 2.6 of the Severance Plan.

Section 2.6 provides:

> The Company shall pay to each Employee all reasonable legal fees and expenses incurred by such Employee in seeking in good faith to obtain or enforce any right or benefit provided under this plan (other than any such fees and expenses incurred in pursuing any claim determined to be frivolous by an arbitrator or by a court of competent jurisdiction).

Defendant concedes that Plaintiff is entitled to "reasonable" attorney's fees and costs. See Def. Mem. in Opp. [#74] p. 1. Defendant argues, however, that certain fees which Plaintiff seeks to recover should not be awarded, and that the Court should not award prejudgment interest on the benefits withheld.

## II.  LEGAL ANALYSIS

### A.   Plaintiff Is Not Entitled to the Fees Incurred in Association with Her Appeal of the Report and Recommendation

Defendant argues that Plaintiff should not recover the fees and expenses incurred in connection with her objection to the Court's Report and Recommendation, issued November 9, 2004 [#25], in which the Court recommended that her request for a continuance to conduct discovery be denied. The Court agrees. Plaintiff should not recover the fees incurred in association with her appeal of the Report and Recommendation. In denying her objections, Judge Rosenbaum expressly held that the objections were "wasteful and baseless." [#30]. Plaintiff should not recover fees associated with a motion deemed wasteful under either the terms of the Plan or ERISA. See Plan, section 2.6 (allowing for "all reasonable legal fees and expenses" other than such fees "incurred in pursuing any claim determined to be frivolous...by a court of competent jurisdiction"); ERISA § 502(g)(1) ("the court in its discretion may allow a reasonable attorney's fee and costs of action"). To the extent Plaintiff seeks the fees incurred with her objection to the Report and Recommendation, her motion should be denied.

### B. Plaintiff Is Not Entitled to the Fees Incurred in Association with Plaintiff's Drafting and Service of Discovery Requests and Subpoenas

At the Rule 26 conference held in July 2004, the Court directed that no discovery should take place until after the Court heard Defendant's Summary Judgment Motion. Nonetheless, Defendant represents that Plaintiff prepared and served interrogatories and requests for documents on the Plan, and two subpoenas duces tecum on Fox/UTV Holdings, Inc. and Fox Entertainment Group, Inc. See Def. Mem. in Opp. p. 4. After service of the discovery, the parties held a conference call during which Plaintiff agreed to hold all discovery in abeyance until after this Court's decision on the Summary Judgment Motion. See Def. Mem. in Opp. p. 4., citing Steffenson Aff., Ex. 1. Ultimately, this Court denied Plaintiff's Rule 56(f) motion seeking leave to take discovery. Plaintiff is not entitled to recover the fees and costs associated with discovery that was drafted and served in direct violation of the Court's order.

### C. Plaintiff's Are Entitled to an Award of Prejudgment Interest

Lastly, Defendant objects that Plaintiff's claim for prejudgment interest should be denied because, according to recent case law, courts cannot award prejudgment interest in ERISA claims disputes absent a finding of a fiduciary breach. The Court disagrees, and finds that Plaintiff should recover prejudgment interest.

Here, the Severance Plan does not allow for an award of prejudgment interest. When a plan benefit does not provide for prejudgment interest, courts historically have found the statutory support for awarding prejudgment interest under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3)(B). Section 1132(a)(3) provides that a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of

this subchapter or the terms of the plan[.]"  This section is a catchall provision that provides "a safety net, offering appropriate equitable relief for injuries caused by violations that [section 1132] does not elsewhere remedy."  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).

The Supreme Court recently clarified the nature of the equitable relief available under section 1132(a)(3) in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002).  In Great-West, a medical insurance company sought restitution to compel a plan beneficiary to reimburse it from the settlement proceeds the beneficiary recovered from a personal injury suit.  The Court found that the insurance company requested restitution at law, rather than restitution at equity, and therefore the relief requested was not recoverable under section 1132(a)(3)(B) because it was not equitable relief.  Id. at 209; 214.

Since Great-West, however, the Eighth Circuit has clarified that a beneficiary may recover prejudgment interest on past due benefits under section 1132(a)(3)(B).  In Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999 (8th Cir. 2004), the district court awarded prejudgment interest to the plaintiff beneficiary seeking long-term disability benefits for a period when the plaintiff's benefits were wrongfully delayed.  Id. at 1003.  The defendant plan administrator argued that the Great-West decision narrowed the definition of appropriate equitable remedy under section 1132(a)(3)(B) and that an award of interest was no longer permissible.  The Eighth Circuit stated that the pertinent inquiry was whether the award of interest should be considered an accounting for profits, an equitable remedy, or whether it represented a legal claim disguised in equitable terms. Id. at 1007.  The court stated that "[u]nder traditional rules of equity, a defendant who owes a fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching that duty, even if the defendant's breach was simply a failure to perform its obligations under a contract."  Id. at

1008.  The court held, therefore, that the defendant could be forced under section 1132(a)(3)(B) to disgorge any profits it earned as a result of that wrongful conduct.  Id. at 1009.  Because this was a remedy typically available in equity, the court found it permissible after Great-West.  Id.

Following Parke, the Eighth Circuit, in Seitz v. Metropolitan Life Insurance Co., 433 F.3d 647 (8th Cir. 2006), held that the plaintiff, who had sought to recover disability benefits from an ERISA-government employee benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B), could recover prejudgment interest on past due benefits.  The court, citing Parke, stated that because it found "that the benefits were wrongfully delayed...prejudgment interest was appropriate as equitable relief under 29 U.S.C. § 1132(a)(3)(B)."  Notably, the plaintiff in Seitz had not alleged breach of a fiduciary duty.   Similarly, in Skretvedt v. E.I. Dupont De Nemours, 372 F.3d 193 (3rd Cir. 2004) the Third Circuit held that the Supreme Court's decision in Great-West did not apply to the plaintiff's claim for prejudgment interest with respect to benefits awarded pursuant to a court judgment under section 1132(a)(1)(B).

This case is indistinguishable from Seitz and Skretvedt.  Here, Plaintiff brought suit pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover severance benefits wrongfully withheld under the Severance Plan.  This Court has previously determined that the benefits sought were wrongfully withheld.  See Report and Recommendation [#36] (finding Plan Administrator's denial of severance benefits arbitrary and capricious).  Per Parke and Seitz, then, an award of prejudgment interest on the past due benefits is appropriate equitable relief under 29 U.S.C. § 1132(a)(3)(B).  Plaintiff's motion for prejudgment interest should be granted.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Costs [#57] be **GRANTED in part** and **DENIED in part,** as follows.

1) Plaintiff's Motion to Recover Fees and Costs should be granted, except to the extent Plaintiff seeks to recover the costs and fees incurred in her appeal of the Court's Report and Recommendation, dated November 9, 2004 [#25]. Nor should Plaintiff be able to recover the fees associated with the drafting and service of her discovery.

2) Insofar as Plaintiff seeks to recover prejudgment interest on the benefits wrongfully withheld, the Motion should be granted.

## IV. ORDER

Plaintiff's counsel is ordered to submit a Fee Petition and Affidavit that conforms to the Recommendation herein, after consideration of which the Court will issue a supplemental Report and Recommendation recommending an award of a specific dollar amount in costs, fees and prejudgment interest.

DATED: March 27, 2006         s/ *Franklin L. Noel*
                              FRANKLIN L. NOEL
                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 12, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 12, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.